IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV466-1-MU
3:03CR42-MU

| | |
|---|---|
| AMY FINFROCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed November 7, 2005.

On or about March 24, 2003, a grand jury indicted Petitioner on three counts of violating 18 U.S.C. § 1343. On October 1, 2003, the parties filed a plea agreement with the Court. On October 15, 2003, Petitioner, pursuant to the terms of her plea agreement, entered a guilty plea at her Rule 11 hearing. On April 28, 2004, the Court sentenced Petitioner to 27 months imprisonment and three years of supervised release. Petitioner did not directly appeal her sentence or conviction to the United States Court of Appeals for the Fourth Circuit.

On November 7, 2005, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence citing Booker v. Washington, 125 S. Ct. 7328 (2005) and arguing that "[t]he Court now has jurisdiction to review all sentences for "reasonableness" regardless of whether any error concerning guidelines interpretation or application exists." her

sentence violated his constitutional rights as set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). Petitioner also argues that her Sixth Amendment rights were violated by the application of enhancements from the sentencing guidelines.

As an initial matter, the Court notes that Petitioner's motion to vacate is untimely. In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on or about May 21, 2004; and that she did not file the instant Motion to Vacate until almost one and a half years later on November 7, 2005. In her § 2255 application Petitioner asserts that her motion to vacate is timely because she did not have to report to prison until on or about July 26, 2005. Petitioner is mistaken. AEDPA's limitation period runs from the date on

which the judgment of conviction becomes final not upon the date on which a convicted individual reports to jail.

Moreover, even if Petitioner's motion to vacate were not untimely, her claims fail because they have not been made retroactive on collateral review. As already stated, Petitioner's conviction and sentence became final on May 21, 2004. Because Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), were decided after her conviction and sentence became final, in order to impact her sentence these cases would have to be determined to be retroactive on collateral review. The Supreme Court, however, has not made its holdings in Blakely or Booker retroactive to cases on collateral review. Indeed, in Booker the Supreme Court explicitly stated that "we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review." Booker, 125 S. Ct. at 769. Notably, the Court did not extend the application of its holding to cases on collateral review. Moreover, the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), issued on the same day as its Blakely decision, strongly implies that Blakely is not to be applied retroactively. See Schriro, 124 S. Ct. at 2526 (holding that Ring v. Arizona, 536 U.S. 584 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review). Consequently, Petitioner's claim must fail on this basis as well.

Finally, even if the Booker and Blakely decisions applied retroactively to cases on collateral review, Petitioner's claim lacks a factual basis. While Petitioner does not identify which enhancements she believes would be considered erroneous under

3

Booker, a review of her presentence report reveals that her base offense level was increased based upon the amount of loss attributable to her and based upon the fact that her offense involved more than minimal planning. A review of her plea agreement reveals that she agreed to both enhancements as a part of her plea agreement. Thus her enhancements were not determined using a preponderance of the evidence standard. Rather, they were explicit terms of the plea agreement signed by Petitioner. (Plea Agr. ¶ 7c). Consequently, even if her claims were timely and could be raised retroactively on collateral review, they lack merit.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

**Signed: November 15, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge