```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                      3:03CR42-MU
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | | |
|     **Plaintiff,** ) | | |
| ) | | |
|     **v.** ) | | <u>**ORDER**</u> |
| ) | | |
| **AMY FINFROCK,** ) | | |
|     **Defendant.** ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on the defendant's letter-motion for a modification of her restitution payments.

According to pertinent Court records, the defendant pled guilty to a violation of 18 U.S.C. §1343 on October 15, 2003. On April 28, 2004, the defendant was convicted of that offense. Upon her conviction, the Court sentenced the defendant to a term of 27 months imprisonment. The Court's Judgment also contained an order directing that the defendant immediately begin making restitution for her offense in the total amount of $604,389.95.

By the instant letter-motion, the defendant reports that she initially began making monthly restitution payments of $64.00 in July 2005. However, on January 17, 2006, the defendant reportedly was informed that her restitution payments would increase to $230.00 per month for the following six months.

The defendant further reports that she lacks the resources from which to make the increased payments; and that such payments will become a burden for her husband, who currently is caring for their three sons and the three sons of her deceased sister. Consequently, the defendant is asking the Court to reduce her monthly payments back to their original $64.00 level.

However, the Court has been informed by an employee from the Inmate Financial Responsibility Unit at FPC Alderson where the defendant is incarcerated, that pursuant to the Inmate Financial Responsibility Program, restitution payments are calculated based upon the amount of money that an inmate deposits into her account over the six-month period preceding that calculation. Consequently, when a payment is modified, such modification is in direct correlation to the difference in the deposit amounts for the subject account.

Furthermore, such employee indicated that the Prison does not calculate payments based upon the full amount which has been deposited during the relevant period. Rather such calculations exclude $75.00 for the inmate's personal expenses, as well as additional amounts which the defendant can spend on other matters, including stamps and commissary purchases.

Interestingly, the defendant has failed to submit a copy of her inmate trust account statement for the Court to review along with this letter-motion. Nevertheless, based upon the general

information which has been provided, the Court must assume that the defendant's payment amount was increased because she has made deposits which indicate that she can, in fact, afford to pay make increased payments at this time.

In any event, the Court will deny the defendant's request for a reduction, not based upon her ability to make the increased payment, but based upon her failure to provide the Court with the information which is necessary for the Court to make an informed decision on that request. Should the defendant choose to file another request for a reduction, such request should include as an attachment a certified copy of the defendant's inmate trust account statement. That statement should contain account information for no less than the six months preceding the date of the request.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's letter-motion, requesting a reduction in her IFRP payments is **DENIED.**

**SO ORDERED.**

Signed: March 8, 2006

Graham C. Mullen
United States District Judge