**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:03CR42-MU**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | <u>ORDER</u> |
| ) | |
| **AMY FINFROCK,** ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the defendant's Motion To Modify Restitution Order Under 18 U.S.C.[] §3664(k) . . . ," filed April 25, 2006. For the reasons stated herein, and for the further reasons set forth in both the government's Response and in the Court's earlier denial of the defendant's request for this modification, the defendant's Motion will be <u>denied</u>.

As the Court noted in its Order of March 8, 2006 (by which the defendant's first request for modification was denied), on October 15, 2003, the defendant pled guilty to having embezzled over $600,000.00 from her former employer. On April 28, 2004, the undersigned sentenced the defendant to 27 months imprisonment. Additionally, the Court's Judgment directed the defendant, in accordance with the terms of her written Plea Agreement, to immediately begin making restitution for the $604,389.95 which

she owed to her victim.

By the defendant's first request, which she filed in January 2006, she reported that she had been notified that her $64.00 monthly restitution payments were going to be increased to $230.00 for the six-month period that followed. However, after conferring with an official at the defendant's Prison, the undersigned learned, <u>inter alia</u>, that the defendant had maintained high account balances since her arrival at prison. The Court then considered that information along with the fact that the defendant had failed to submit a copy of her inmate trust account statement in support of her claim that she could not afford the proposed increase. As a result, the undersigned denied the defendant's first request for a reduction of her restitution payments.

Now, by the instant Motion, the defendant reiterates her complaint about the subject increase, essentially taking issue with the information which Prison officials provided to the Court. In particular, the defendant concedes that Prison officials exclude $75.00 per month from their calculations of an inmate's ability to pay restitution, explaining that such amount is set aside in order to ensure that inmates can maintain telephone contact with their families. However, the defendant contends--contrary to what the Court was advised--that Prison officials do not exclude from consideration funds which inmates

2

may intend to use to purchase personal items from the Prison commissary.

Furthermore, in her attempt to demonstrate that she cannot afford the subject increase, the defendant reports that her husband has had to take a lower-paying job in order to spend more time at home caring for their three children and the three children of her deceased sibling. The defendant also reports that she and her husband filed bankruptcy in 2006. Most curiously, the defendant also complains that by calculating her restitution payments based upon her total deposits--and not just the amounts which she earns from her Prison employment--her family and friends somehow are being subjected to this Court's restitution Order.

The government has responded to the defendant's Motion, contending that there simply has been no diminution in the defendant's financial status so as to justify a reduction of her restitution payments. In particular, the government points to pertinent Court records which establish that the defendant and her husband actually filed for bankruptcy protection in February 2003; and the government points to the defendant's high monthly account balances as evidence of her ability to pay an increased payment.

Equally critically, the government's Response establishes that the defendant's monthly restitution requirement, in fact,

3

was not increased to $230.00 as she reports, but was merely increased from $64.00 to $110.00, effective February 2006; and that the defendant actually signed an agreement, consenting to that $46.00 monthly increase prior to the time that it was imposed.

For its own part, the Court carefully has reviewed the inmate trust account statement which the defendant finally submitted in support of this Motion. Suffice it to say, such statement tells a vastly different story from the one of financial destitution that the defendant is attempting to tell.

Indeed, such records establish that: (a) when the defendant arrived at Prison in July 2005, she opened her inmate trust account with a generous $836.00 deposit; (b) over the eight month period following that initial deposit, the defendant deposited an <u>additional</u> $1,750 into her account, not including her deposits from her salary; (c) from the time that the defendant arrived at Prison up until March 15, 2006 (the last date covered by the subject statement), the defendant spent more than $1,600.00 on purchases of personal items from the commissary; and (d) so far, the defendant has only repaid the paltry sum of $540.00 in restitution to her victim.

Consequently, the undersigned finds that by her less than complete representations to the Court, the defendant has done little more than convince the undersigned that she still has

4

neither grasped the severity of her offense, nor fully accepted responsibility for that conduct.  Indeed, rather than coming to the Court with these baseless requests, the defendant could have chosen to direct her financial supporters to divert all or most of their contributions from her to her needy husband and children.

Finally, this Court is well aware of the low success rate that the government experiences in attempting to collect restitution from offenders who have been released from prison and no longer reap any direct benefit from complying with their restitution requirements.  Therefore, the undersigned urges the appropriate officials at the defendant's Prison to make every effort to collect as much restitution from her as is legally permissible during the remaining portion of her prison term.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The defendant's Motion to Modify Restitution is **DENIED;**

2.  The Clerk shall send copies of this Order to the defendant, to the United States Attorney, and to the Warden at FPC Alderson.

**SO ORDERED.**

Signed: May 9, 2006

Graham C. Mullen
United States District Judge